# United States Court of Appeals
## For the Eighth Circuit

---

No. 16-4551

---

Muhammad Abdurrahman,

*Plaintiff - Appellant*,

v.

Mark Dayton, in his official capacity as Governor of the State of Minnesota; Lori Swanson, in her official capacity as Attorney General of the State of Minnesota; Steve Simon, in his official capacity as Secretary of State for the State of Minnesota,

*Defendants - Appellees*.

---

Appeal from United States District Court
for the District of Minnesota - Minneapolis

---

Submitted: February 13, 2018
Filed: September 12, 2018

---

Before SMITH, Chief Judge, MURPHY and COLLOTON, Circuit Judges.[*]

---

COLLOTON, Circuit Judge.

---

[*]This opinion is filed by Chief Judge Smith and Judge Colloton under Eighth Circuit Rule 47E.

The State of Minnesota appointed Muhammad Abdurrahman as a presidential elector during the 2016 presidential election. Contrary to Minnesota's Uniform Faithful Presidential Electors Act, Minn. Stat. §§ 208.40-208.48, Abdurrahman attempted to vote for candidates other than those to whom he was pledged. By operation of law, Minnesota deemed Abdurrahman to have vacated his position as an elector and appointed a substitute elector. Abdurrahman then sued in an effort to have the Act declared unconstitutional and to enjoin Minnesota officials from counting the vote of the substitute elector. After a hearing, the district court[1] dismissed the action as moot, and Abdurrahman appeals. We agree that Abdurrahman's claim is moot, and we therefore affirm the judgment.

I.

Because the district court dismissed Abdurrahman's case at the pleading stage, we take the following facts alleged in his complaint as true. On August 11, 2016, the Minnesota Democratic-Farmer-Labor Party nominated Abdurrahman as a candidate to be a presidential elector if the Democratic presidential candidate won Minnesota's general election. As required by Minnesota's Uniform Faithful Presidential Electors Act, Minn. Stat. § 208.43, Abdurrahman pledged as follows: "If selected for the position of elector, I agree to serve and to mark my ballots for president and vice president for the nominees for those offices of the party that nominated me."

On November 8, Hillary Clinton and Tim Kaine, the Democratic Party's presidential and vice presidential nominees, won the most votes for those offices in Minnesota's general election. As a result of their victory, Abdurrahman became one of Minnesota's presidential electors by operation of law. *See* 3 U.S.C. § 1; Minn. Stat. §§ 208.02, 208.04. After the election, Governor Dayton submitted a certificate

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

of ascertainment to the Archivist of the United States under 3 U.S.C. § 6 naming Abdurrahman as one of Minnesota's presidential electors.

In keeping with federal and Minnesota law, the Minnesota electors met on December 19 to cast their ballots for President and Vice President. 3 U.S.C. § 7; Minn. Stat. § 208.06. Contrary to his pledge, Abdurrahman attempted to cast his ballot for Bernie Sanders and Tulsi Gabbard for President and Vice President. Following the Minnesota Act, the Minnesota Secretary of State declined to accept Abdurrahman's ballot, deemed Abdurrahman to have vacated his office as elector, and counted instead a ballot from a substitute elector who voted for Clinton and Kaine. Minn. Stat. § 208.46(b)-(d).

The same day as the meeting of the Minnesota electors, Abdurrahman filed a verified complaint, an emergency motion for a temporary restraining order, an *ex parte* motion for expedited briefing, and a motion for summary judgment in federal district court. Abdurrahman asserted that the Minnesota Act violated Article II and the Twelfth Amendment of the Constitution and 3 U.S.C. § 5 by limiting his power to vote for whom he wished and by preventing him from counting, certifying, and transmitting his vote. Abdurrahman sought an injunction preventing Minnesota officials from enforcing the Act and a judgment declaring the Act unconstitutional.

The district court set a hearing on the emergency motion for December 22, three days after the elector meeting. On December 21, the Minnesota officials filed an opposition pleading in which they argued that Abdurrahman's motion was moot and did not fall within the exception to mootness for cases capable of repetition yet evading review. The officials cited Abdurrahman's failure to pursue his action earlier, on November 9, 2016, when it was apparent he would become a presidential elector, and urged that it was speculative that Abdurrahman would be appointed as an elector in a future election.

At the December 22 hearing, the district court asked Abdurrahman: "Why is this entire matter not moot?" Abdurrahman's counsel responded that Minnesota officials could submit an amended list of Minnesota elector votes before Congress counted them on January 6, 2017, and that the suit fell within the exception for cases capable of repetition yet evading review.

On December 23, the day after the hearing, the district court dismissed Abdurrahman's action as moot. The court reasoned that the Minnesota elector votes already had been submitted to the President of the United States Senate. Regarding the exception for cases capable of repetition yet evading review, the district court concluded that although Abdurrahman had insufficient time to litigate his suit fully, it was merely a theoretical possibility that Abdurrahman would become an elector again and have his vote invalidated under the Minnesota Act. The district court also concluded that Abdurrahman's motion was barred by laches and failed on the merits.

Abdurrahman filed an emergency motion for injunction pending appeal in this court on December 28 and an application for injunction pending appellate review with the Supreme Court on January 3. The motion and application were denied on January 4 and January 5, respectively. Congress then counted the Minnesota elector votes on January 6. *See* 3 U.S.C. § 15.

On appeal, Abdurrahman concedes that his request for injunctive relief is moot now that Congress has counted the Minnesota elector votes. But he maintains that the district court improperly dismissed his claim for declaratory relief as moot because that claim is saved by the mootness exception for cases capable of repetition yet evading review. We review the mootness question *de novo*.

II.

Before engaging the mootness issue, Abdurrahman argues that the district court's dismissal was premature. He complains that the court did not give him proper notice that it would dismiss his entire case as moot or sufficient opportunity to develop the factual record. On that premise, Abdurrahman asks that we remand the case to the district court for further argument on the mootness issue, or that we allow him to supplement the record on appeal with two affidavits.

The argument is not well taken. Abdurrahman received adequate notice that the district court would consider mootness. The Minnesota officials argued in their opposition pleading that the case was moot and specifically raised the mootness exception for cases capable of repetition yet evading review. At the December 22 hearing, the district court and Abdurrahman's counsel discussed at length whether the case was moot. Abdurrahman had ample opportunity to be heard on that issue and to augment the record as warranted. The two affidavits that Abdurrahman now seeks to submit could have been presented with his motion for summary judgment or in reply to the response of the state officials, either at or before the hearing on December 22.

Abdurrahman responds that while he was aware that the district court might find his claim for *injunctive* relief moot, he was not on notice that the district court might also dismiss his claim for *declaratory* relief. We see no basis for parsing the notice question in this way. The Minnesota defendants argued in their opposition that "Abdurrahman's *suit*" fails to meet the criteria for a case capable of repetition yet evading review. The district court asked: "Why is this *entire matter* not moot?" There was no reason to separate the two claims because the possible exception to mootness was an all-or-nothing issue. If the exception could not save Abdurrahman's claim for injunctive relief, it could not save his claim for declaratory relief.

Abdurrahman received adequate notice and opportunity to develop the factual record in the district court. We therefore deny his motion to supplement the record and decline to remand the case for further proceedings on mootness.

III.

"Article III restricts federal courts to the resolution of cases and controversies." *Davis v. FEC*, 554 U.S. 724, 732 (2008). "To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Id.* at 732-33 (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997)). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)).

Abdurrahman does not dispute that his case is moot under this general rule. He contends, however, that his case fits within the exception that allows a federal court to consider an otherwise moot case if it is "capable of repetition, yet evading review." *FEC v. Wis. Right to Life, Inc.*, 551 U.S. 449, 462 (2007). The exception applies if "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Id.* (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)). The party asserting jurisdiction bears the burden of showing the presence of both requirements. *Midwest Farmworker Emp't & Training, Inc. v. U.S. Dep't of Labor*, 200 F.3d 1198, 1201 (8th Cir. 2000).

Abdurrahman has not carried his burden to show that his claim evades review. A party seeking to establish that time is too short to litigate a claim must take advantage of legal avenues that would allow for litigation within the necessary time

constraints. *Minn. Humane Soc'y v. Clark*, 184 F.3d 795, 797 (8th Cir. 1999). We have held that an action does not evade review if the short duration results from the party's failure to file suit sooner, *South Dakota v. Hazen*, 914 F.2d 147, 150 (8th Cir. 1990), if a party does not seek a stay pending appeal, *Iowa Protection & Advocacy Servs. v. Tanager, Inc.*, 427 F.3d 541, 544 (8th Cir. 2005), or if a party does not ask for an expedited appeal. *Minn. Humane Soc'y*, 184 F.3d at 797.

Abdurrahman did not proceed expeditiously with his claim. The claim arose either on November 8, 2016, when Clinton and Kaine prevailed in Minnesota and Abdurrahman became a presidential elector, or at the latest on November 29, 2016, when the State Canvassing Board formally declared the results. *See* Minn Stat. § 204C.33. Once he was appointed an elector, Abdurrahman knew that he would face the restrictions of the Minnesota Act at the December 19 elector meeting and could have sought relief promptly. If he had filed an action on November 9 or November 29, then Abdurrahman would have had either 58 days or 38 days in which to litigate his case, well more than the period between his actual filing date of December 19 and the definitive expiration of his claim on January 6. The district court plainly was prepared to resolve the matter with dispatch (it convened a hearing within three days and ruled on the fourth), and this court has demonstrated that it can expedite appeals in time-sensitive cases. *E.g.*, *Minn. Humane Soc'y*, 184 F.3d at 797 (citing appeals heard within three and seven days, respectively); *Hazen*, 914 F.2d at 148. We therefore conclude that Abdurrahman has not established that his action falls within the mootness exception for cases that are capable of repetition yet evading review.

* * *

The judgment of the district court is affirmed.

______________________________